11-3935-cv
*Solomon v. Southampton Union Free Sch. Dist.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand twelve.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

SHARON SOLOMON,
        <u>Plaintiff-Appellant</u>,

    -v.-                                   11-3935-cv

SOUTHAMPTON UNION FREE SCHOOL DISTRICT,
        <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:     ANNETTE G. HASAPIDIS, Law Offices of Annette G. Hasapidis, South Salem, New York.

FOR DEFENDANT-APPELLEE:     BETH S. GEREG (Rondiene E. Novitz, <u>on the brief</u>), Cruser, Mitchell & Novitz, LLP, Farmingdale, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Sharon Solomon appeals from the district court's judgment entered September 6, 2011, in favor of defendant-appellee Southampton Union Free School District (the "District"). Judgment was entered after the district court, by order entered September 1, 2011, granted the District's motion for summary judgment and dismissed Solomon's hostile work environment, retaliation, and race, gender, and disability discrimination claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq., and 42 U.S.C. § 1983. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

Solomon challenges a number of the district court's rulings, including its conclusion that she failed to present a genuine dispute as to material fact regarding her hostile work environment claims. We review a grant of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the non-moving party. Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011).

To prevail on a hostile work environment claim, the plaintiff must show misconduct of a racial or sexual nature "sufficiently severe or pervasive to alter the conditions of [her] employment," both subjectively and objectively. Feingold v. New York, 366 F.3d 138, 149-50 (2d Cir. 2004) (citation and internal quotation marks omitted). "To withstand summary judgment, a plaintiff must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions

-2-

of her working environment." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000) (citation and internal quotation marks omitted); see Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002). The plaintiff may rely on other employees' firsthand testimony about acts of discrimination, even if plaintiff did not personally experience those acts, see Perry v. Ethan Allen, Inc., 115 F.3d 143, 150-51 (2d Cir. 1997); Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997), but those acts must actually constitute discrimination and not be "merely tinged with offensive . . . connotations," Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998); accord Raniola v. Bratton, 243 F.3d 610, 621 (2d Cir. 2001).

We conclude that Solomon did not present sufficient evidence of discriminatory conduct to support her hostile work environment claim. Although she points to many examples of alleged discriminatory acts, under greater scrutiny the incidents do not give rise to a reasonable inference of discrimination. For example, Solomon argues that Timothy Frazier, the principal of the intermediate school, hung a confederate flag in the school hallways, but the confederate flag was actually part of Georgia's state flag, which Frazier had hung along with several other state flags. In another example, Solomon claimed that Frazier told her to "serve coffee and cake" to her white teaching aides. At her April 9, 2008 examination pursuant to N.Y. Gen. Mun. Law § 50-h, however, she explained that Frazier thought there was a communication problem between Solomon and her teaching aides, and that another school official -- not Frazier -- "chimed in and said, 'You need to pat them on the back, and you should buy them coffee and cake and make

-3-

nice with them.'"  (A 831).  No reasonable jury could find that these actions, considered in context, evidenced a discriminatory motive.

While the record contains some evidence that Frazier was abusive to a number of individuals, no reasonable jury could find from this record, taken as a whole, that Solomon was subjected to a hostile environment on account of her race, gender, or disability. Solomon has been teaching in the District since 1998 -- indeed, she still is teaching in the District -- but she has identified only a handful of incidents of alleged discrimination.  As a matter of law, these examples, individually or collectively, do not rise to the level of an actionable hostile work environment.

For similar reasons, we reject Solomon's remaining challenges to the district court's rulings on her discrimination and retaliation claims.  Where a plaintiff relies on circumstantial evidence to show the defendant's discriminatory (or retaliatory) intent, as Solomon does here, the typical Title VII burden-shifting framework applies.  See Raniola, 243 F.3d at 622.  The plaintiff may rely on a presumption of discriminatory intent by making out a prima facie case, but the defendant can rebut that presumption by showing a legitimate, non-discriminatory reason for the conduct.  See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-55 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)); Raniola, 243 F.3d at 622.  If the defendant meets this burden, "to defeat summary judgment . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's [conduct] was more likely than not based in whole or in part on discrimination."

-4-

Feingold, 366 F.3d at 152 (citation and internal quotation marks omitted). It is not enough to produce "simply some evidence"; the plaintiff must present "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (alterations, citation, and internal quotation marks omitted).

For each alleged adverse action here, the District presented a non-discriminatory explanation for the conduct, rebutting the presumption of discriminatory intent and shifting the burden back to Solomon. To avoid summary judgment, she had to present sufficient evidence from which a jury could reasonably find that these explanations were pretextual and that the District was really motivated by a discriminatory animus. For substantially the reasons cited in the district court's opinion, and based on our independent review of the record, we agree that she failed to do so.

We have considered Solomon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk